[Crim. No. 38.   Third Appellate District.—April 22, 1907.]

THE PEOPLE, Respondent, v. W. E. SWAIN, Appellant.

CRIMINAL LAW—PRELIMINARY EXAMINATION FOR GRAND LARCENY—JURISDICTION OF JUSTICE OF THE PEACE—TRIAL FOR PETIT LARCENY. Where a justice of the peace, acting as a committing magistrate, conducts a preliminary examination upon a charge of grand larceny, he has no jurisdiction in the same proceeding, without the interposition of the formal complaint required by section 1426 of the Penal Code, to order the defendant to appear before him upon a trial for petit larceny. Such action is a mere attempted usurpation of power and is wholly nugatory and void.

ID.—INDICTMENT FOR GRAND LARCENY—DISMISSAL BY JUSTICE OF THE PEACE NOT A BAR.—Where, upon the subsequent finding of an indictment for grand larceny, the justice of the peace, upon motion of

the district attorney, dismissed the proceeding before him for petit larceny, the defendant cannot plead such dismissal as an acquittal of the lesser offense and a bar to prosecution under the indictment.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

McCoy & Gans, for Appellant.

U. S. Webb, Attorney General, W. A. Fish, District Attorney, and J. Charles Jones, for Respondent.

HART, J.—The defendant was prosecuted by indictment for the larceny of four head of hogs, alleged to be of the value of more than $50, and the property of one E. J. Blossom, and was found guilty by the jury of the crime of petit larceny. He appeals from the judgment and an order denying his motion for a new trial.

Upon his arraignment upon the charge alleged against him in the indictment, the defendant interposed a plea of ''not guilty'' and also a plea ''that he has already been acquitted of the offense charged in said indictment and particularly of the offense of petit larceny included therein, by the judgment of dismissal of the Justice Court of Red Bluff Township, in the County of Tehama, State of California, rendered at Red Bluff, in said County and State, on the 22d day of March, 1906.''

The only point urged here and upon which a reversal of the case is asked is founded upon the ruling of the trial court excluding certain testimony bearing upon the plea of ''former acquittal.'' It appears from the record that on the twenty-first day of February, 1906, and about one month prior to the finding and filing of the indictment upon which the defendant was tried, as before explained, a deposition or complaint was filed by one E. J. Blossom before and with the justice of the peace of Red Bluff township as a magistrate, charging the defendant with the crime of grand larceny, said complaint or deposition alleging the asportation of eight

head of hogs "of the value of seventy dollars, the same being
the personal property of said E. J. Blossom." An examina-
tion of the defendant was had before the magistrate upon
this charge, and after hearing all the evidence offered and
taking the matter under advisement, the magistrate finally
made the following order in the case: "It does not appear
to the court from the evidence adduced at the hearing of
this case that the crime of grand larceny has been committed
by the defendants (the appellant was jointly charged with
one Peter McNett), but there is sufficient reason to believe
that the crime of petit larceny has been committed by said
defendants. Wherefore, it is ordered that said defendants be
brought to trial before this court under the complaint filed
herein on the 21st day of February, 1906, on the charge of
petit larceny." An order was then made setting the case for
trial for March 22, 1906. Upon the last-mentioned day, the
defendants with their counsel appeared and announced them-
selves ready for trial, whereupon the district attorney made
a motion to dismiss the case pending before the magistrate,
who granted said motion "for the reason that it is made to
appear that the defendants have been indicted by the Grand
Jury of Tehama County, for Grand Larceny, which includes
the offense charged in the complaint in this action, which said
indictment is now pending in the Superior Court of the
County of Tehama, State of California, a certified copy of
which last-mentioned indictment has been produced and filed
in this court."

It was the refusal of the court to allow proof of the pro-
ceedings thus briefly narrated before the magistrate which con-
stitutes the alleged error of which complaint is here made.

The claim is that the dismissal of the proceeding against
the defendant by the magistrate after the latter had made an
order that the accused be put upon his trial for a misdemeanor
under the deposition upon which he had been examined,
amounted to his acquittal of the lesser offense, and that, there-
fore, the prosecution, under the indictment, based upon the
same transaction, was barred. This position is the equivalent
of the contention that the magistrate, having once legally ac-
quired, as such, authority to preliminarily examine a felony
charge, is also in the same proceeding and by the same means
invested with jurisdiction to exercise his powers as a justice of
the peace, and as such to try the accused upon any lesser of-

fense included within that charged in the deposition, without the interposition of the formal complaint required by section 1426 of the Penal Code. This contention is obviously without merit. The act of the magistrate, after discharging the accused upon the felony charge, in ordering the defendant to appear before him as a justice of the peace for trial upon a misdemeanor upon the complaint or deposition charging the felony, was in excess of that officer's jurisdiction and, therefore, wholly nugatory and void. Under our law the following persons are magistrates: 1. The justices of the supreme court; 2. The judges of the superior courts; 3. Justices of the peace; 4. Police magistrates in towns or cities. (Pen. Code, sec. 808.)

A magistrate is defined to be "an officer having power to issue a warrant for the arrest of a person charged with a public offense." (Pen. Code, sec. 807.)

Section 811 of the Penal Code provides that "when an information is laid before a magistrate of the commission of a public offense, triable within the County, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." Section 1426 of said code reads: "All proceedings and actions before a justice's or police court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property, as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

It is readily to be observed from the foregoing provisions of our Penal Code that proceedings in criminal cases before a magistrate and those before a justice of the peace are entirely different and distinct, and are designed to accomplish widely different purposes. The proceeding before a justice of the peace acting in his *ex officio* capacity of magistrate, is one of the two methods authorized under our system for the inauguration of a prosecution upon ordinary felony charges. The proceeding authorized by section 1426 of the code involves a trial, of which the justice of the peace *as such* has jurisdiction under the law, and is, of course, analogous to a trial for a felony in the superior court. Under the law, a justice of the peace, when exercising the powers of a magis-

trate, has equal authority as such with the justices of the supreme court and judges of the superior courts when acting in a similar capacity.

The jurisdiction of all those officers, when acting in the *ex officio* capacity in question, extends only to taking and hearing evidence upon the felony charge and after hearing the proofs making an order either discharging the accused, or holding him to trial for the offense shown by the depositions to have been committed by him. (Pen. Code, sec. 872.)

Surely, it would not for a moment be contended that a judge of the superior court, acting as a magistrate, could, after discharging the defendant upon the felony charge, make a valid order requiring him to appear *for trial* before a justice of the peace, under the complaint upon which he had been preliminarily examined, for some misdemeanor of which the evidence might show him to be guilty.

The cases cited in the briefs of appellant do not in any aspect of the question presented sustain his position. On the contrary, we are of the opinion that the case of *People* v. *Smith*, 143 Cal. 598, [77 Pac. 449], relied upon by him, harmonizes with the view of respondent. In that case, the defendant had been charged by a formal complaint in a justice court with the crime of petit larceny. Over an objection by the defendant's counsel, the court, on motion of the district attorney, dismissed the complaint in order to enable the prosecuting officer to file a felony charge against the accused—said felony charge consisting of the crime of petit larceny alleged against him in said complaint, and a prior conviction of burglary. The authority for this proceeding is found in section 1385 of the Penal Code which provides: "The court may, either of its own motion or upon the application of the District Attorney, and *in furtherance of justice,* order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

Upon the trial in the superior court upon the felony charge, the defendant, having entered a plea of former acquittal, offered the proceedings of dismissal in the justice court in evidence to sustain that plea, it being admitted that the information upon which he was being tried upon the felony charge "embraced the same charge contained in the complaint charging the defendant with petit larceny, filed in the Justice

Court,'' and dismissed, etc. Under an objection by the district attorney the evidence was disallowed. It was contended that the ruling was error because of the following provision of section 1387 of the Penal Code: ''An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor, but it is not a bar if the offense is a felony.''

The court held that the circumstances of that case did not bring it within the provisions of section 1387; that the defendant, having been previously convicted of the crime of burglary, his subsequent perpetration of the crime of petit larceny was an act constituting a felony, under the terms of section 666 of the Penal Code. Here, as seen, the appellant was never charged by a complaint, as required by section 1426 of the Penal Code with the crime of petit larceny. The mere declaration by the magistrate that the evidence taken at the preliminary hearing of the felony charge disclosed a case of petit larceny against the accused, and the order that he be required to appear for trial under the complaint or deposition charging the felony, amounted to no more than such a declaration and order by a private citizen. It was, as we have declared, an attempt upon the part of the magistrate to exercise authority not within his jurisdiction as such officer—a mere attempted usurpation of power. It will, of course, be conceded that a magistrate's order discharging a defendant does not operate as a bar to a second hearing of the charge either by the magistrate himself or by a grand jury. (Pen. Code, sec. 999; *Patterson* v. *Conlan,* 123 Cal. 454, [56 Pac. 105].)

From the foregoing reasons, it follows that the court's ruling disallowing the testimony was clearly within the law.

This being the only point urged upon this appeal, the judgment and order appealed from will, therefore, be affirmed.

Chipman, P. J., and Burnett, J., concurred.