[Crim. No. 1491.   Second Appellate District, Division Two.—September 13, 1927.]

THE PEOPLE, Respondent, v. FRANK TITUS, Appellant.

Scott McReynolds for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

THOMPSON, J.—The defendant was charged by information with the offense of having in his possession intoxicating liquor containing alcohol in excess of one-half of one per cent by volume, for beverage purposes. The information further charged a prior conviction of the offense of posses-

sion on February 19, 1926, and a second prior conviction of the same offense on October 30, 1926. The jury returned a verdict of guilty of possession and a verdict that defendant had been previously convicted October 30, 1926, and also a verdict that he had previously been convicted on February 19, 1926, and the defendant was by judgment pronounced upon the verdicts ordered imprisoned in the county jail for two years and to pay a fine of two thousand ($2,000) dollars. The defendant appeals from the judgment.

In support of this appeal the appellant first attacks the conviction on February 19, 1926. It appears from the record that on February 18, 1926, a complaint was filed charging the defendant with the sale of intoxicating liquor. On the following day the defendant was brought before the justice of the peace as a magistrate, for arraignment, and after the complaint was read to him the defendant offered to plead guilty to the offense of possession, which offer was accepted. The docket contains this entry: "Said defendant offers to plead guilty to the offense of Possession of intoxicating liquor for beverage purposes, and the Court taking cognizance of the fact that this is a lesser offense and is a part of and is contained in the offense of sale of Intoxicating Liquor for beverage purposes, accepts the plea as offered, and there appearing no sufficient cause why judgment should not be pronounced, it is by the Court ordered and adjudged . . . " The appellant maintains that the judgment of conviction is void on its face. The defendant was not charged with possession, but with the sale of intoxicating liquors, an offense of which the justice's court did not have jurisdiction, except for the purpose of a preliminary hearing. (*In re Dal Porte,* 198 Cal. 216 [244 Pac. 355] ; *People* v. *Swain,* 5 Cal. App. 421 [90 Pac. 720].)

Assuming, without deciding, that the offense of possession is a lesser offense necessarily included in the offense of sale of intoxicating liquor, yet the judgment is void on its face. It has been specifically determined in this state that the justice of the peace, sitting as a committing magistrate, in a preliminary examination involving grand larceny has no jurisdiction without the filing of a formal complaint as required by section 1426 of the Penal Code to try the defendant on a charge of petit larceny—an offense cognizable by him when jurisdiction is properly acquired.

(*People* v. *Swain, supra.*)  See, also, *Ex parte Williams,*
183 Cal. 11 [190 Pac. 163].)  ▮ But while the defendant
may waive formalities established for his protection he can-
not waive that which ''is of the essence of valid judgment.''
(Bishop's New Criminal Procedure, sec. 124.)  ▮ And al-
though it ill becomes the defendant to initiate the void
proceeding, nevertheless we are under the compulsion of
declaring that there was no valid judgment of conviction
of the first offense.

A different situation is presented by appellant's attack
upon the second conviction.  The city recorder of the city of
San Buenaventura was elected as city clerk on the second
Monday in April, 1923.  An ordinance of the city was
passed to become effective on the third Monday in April,
1923, containing the following provision: ''Section 1. The
following officers of said city are hereby united and con-
solidated as follows: (b) The City Clerk shall be *ex-officio*
recorder and assessor of said city.''

The act setting forth a charter for cities of the fifth class
(Stats. 1901, p. 70, Deering's Gen. Laws 1915, p. 1099) in
section 751 provides that the government of the city shall
be vested in certain officers including a recorder and then
states '' . . . provided, that the board of trustees, may in
its discretion, by an ordinance adopted, published and re-
corded as required for general ordinance, at least thirty days
before a general city election, at which city officers are to be
elected, unite and consolidate certain offices, by declar-
ing: . . . 2. The city clerk elected shall be *ex-officio*
recorder and assessor.''  The appellant's contention is that
inasmuch as the ordinance did not become effective until
after the election, there was no city recorder.  The appellant
was convicted by the recorder, so serving, on October 30,
1926, of the offense of possession.  As we view the problem
here presented it is not necessary for us to determine
whether, as respondent contends, the language quoted from
the General Laws be directory or mandatory, or whether
during the interim between the going into effect of the
ordinance and the next general city election thereafter the
city clerk legally became the recorder.  ▮ For the pur-
poses of the present attack it is all-sufficient if he were a
*de facto* recorder, for if he were, then the proceeding is
not void on its face, and is not subject to collateral attack.

(*Merced Bank* v. *Rosenthal,* 99 Cal. 39 [31 Pac. 849, 33 Pac. 732]; *Carpentier* v. *City of Oakland,* 30 Cal. 439–446.) In the leading American case upon the subject, *State* v. *Carroll,* 38 Conn. 449 [9 Am. Dec. 409], cited with approval in *Merced Bank* v. *Rosenthal, supra,* after an exhaustive review of the English and American authorities, it is declared that ''An officer *de facto* is one whose acts, though not those of a lawful officer, the law upon principles of policy and justice, will hold valid. so far as they involve the interests of the public and third persons, where the duties of the office were exercised: First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action supporting him to be the officer he assumed to be.'' ▮ It is apparent that the officer here acted under the ordinance adopted by the board of trustees, whether that action was legal or not and the circumstances were sufficient to induce people without inquiry to submit to his action. Indicative of the general acquiescence to the assumption of office is the fact that the defendant here raised no objection at the time and took no appeal therefrom. The conviction therefore in this action is not open to attack.

▮ The next point assigned by appellant is that at the time he plead to the information he was not asked how he plead to the charges of prior convictions. On January 11, 1926, he was arraigned on the information and at that time asked that January 14, 1926, be fixed as the time for his plea, and personally endeavored to secure the consent of the trial judge at that time, to accept a plea of guilty of possession with one prior conviction only. The court declined to bargain with the defendant, but on the 14th, after the defendant had plead not guilty, neglected to ask him to plead to the charges of prior convictions. He was not asked how he plead to these charges until during the time the jury was being selected, at which time he stood mute and the court entered a plea of not guilty to the charges of prior conviction. The defendant maintains that he was asked to plead too late. The court was manifestly correct in entering the plea of not guilty when the defendant refused to plead provided the plea was not called for too late. (*People* v. *Coleman,* 145 Cal. 609 [79 Pac. 283]; *People* v. *Kirk,* 32 Cal. App.

517 [163 Pac. 696].) ▮ Again, the appellant fails to point out wherein he was prejudiced. Had he desired to enter a plea of guilty to the charges of prior conviction he could have prevented the jury from being informed thereof. He had the opportunity to so plead and to have the error, if one existed, corrected, but he did not take advantage of the occasion to cure the wrong, if indeed it were wrong. Had he plead not guilty in the first instance the testimony would have gone to the jury, just as it did here. We fail to discover where the defendant's rights were prejudiced.

▮ Four additional assignments are very abruptly stated by appellant without argument or authority to support them and for that reason we decline to assume the burden of further research. Counsel cannot, with nonchalant air, declare without argument that error was committed and by so doing transfer the labor of research from his own shoulders to the appellate tribunal. (*People* v. *Zarate,* 54 Cal. App. 372 [201 Pac. 595].)

▮ Appellant also asserts that the evidence is insufficient to support the verdict. It would serve no useful purpose to recite the testimony at any length, but we have scrutinized the transcript and while there was testimony by a defense witness that he had put the liquor into defendant's car, having borrowed it in the evening according to his statement, yet there is testimony which, if believed by the jury, sustains the verdict. The car of the defense witness was present and he was arrested as he started away in it. The liquor found in the defendant's car almost immediately after it was moved by him was in a hidden contrivance built into the car for the evident purpose of carrying pint bottles of liquor. There is no suggestion that the defense witness constructed the device. It was testified by one of the officers that the defendant stated that he was ready to plead guilty, and by another that he asked them not to tip over things in the house, that they had enough to convict him already. The testimony is sufficient to support the verdict.

The judgment is reversed, with directions to the trial court to sentence the defendant for the offense charged with one prior conviction.

Works, P. J., and Craig, J., concurred.