[Crim. No. 2820. Second Appellate District, Division Two.—January 6, 1936.]

THE PEOPLE, Respondent, v. HARRY PEARSON, Appellant.

George A. Glover for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was convicted upon several counts of embezzlement under section 424 of the Penal Code and he appeals from the judgment and from an order denying a motion for a new trial.

One of his contentions is that there was no evidence to support the allegation in the indictment that the defendant was a "duly and regularly appointed, qualified and acting person charged with the receipt, safe-keeping and transfer of public monies" as contemplated by said section. He contends that there is no evidence that he was actually employed. In support of this contention he refers us to the cross-examina-

tion of Mr. Edwin T. Keiser, who was sales tax administrator in charge of collecting the sales tax under the State Board of Equalization, and under whose supervision the defendant actually worked. ''Q. Before he came to work in your office, was that? A. Yes, sir. . . . Q. Did you hire him then? A. No, sir. Q. Did you hire him at any later date? A. No, sir. Q. You never did? A. No, sir.'' The futility of the defendant's contention that he was never employed is apparent when we go to the direct examination of the same witness. He there testifies that the defendant was an employee under his direction in the tax division of the State Board of Equalization; first as an investigator; later, at the request of the assistant secretary of the board, at auditing work; and that he was finally certified to him as an auditor. There was other evidence to support the allegation, including evidence that when he receipted for the money which he afterwards embezzled he placed at the bottom of the receipt with a rubber stamp ''State Board of Equalization'', and signed his name thereunder as a representative of the board.

The defendant next complains because of two instructions which were given by the court in laying down the principles upon which the question of the guilt or innocence of the defendant might be determined. The instructions were general in their nature, one of them setting forth the law with regard to a person who assumes to act as the agent or servant of another, and the other one setting forth the distinctions between theft by larceny by trick and device, theft by false pretenses and theft by embezzlement. The instructions stated the law accurately and were appropriate. The defendant cannot complain merely because they were not stated in the language which he would have preferred nor because they do not contain a speech in his favor.

The only other contention made by the defendant is that the court permitted certain testimony to be read to the jury but erroneously refused to have read certain other testimony which the defendant requested. He contends that the court's denial of this request greatly prejudiced his rights. While the defendant cites us to the record where he claims the court made this refusal, the pages cited do not substantiate the defendant's contention that such a refusal was made. The defendant makes this bald claim of prejudice without setting forth either the evidence which was read or the evidence which

he claims was refused and without setting forth even its substance. He makes no explanation of his contention and states no reason why the court's ruling, if made, would have prejudiced him. The defendant may not shift to this court the burden of searching for grounds upon which to reverse the judgment of the trial court. (*People* v. *Titus,* 85 Cal. App. 413 [259 Pac. 465].)

Judgment and order affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.