[Civ. No. 23930.   Second Dist., Div. One.   June 26, 1959.]

ARMIDA QUEZADA, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; RAUL J. QUEZADA, Real Party in Interest.

Warner, Sutton & Warner and Barbara Warner for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Respondents.

NOURSE, J. pro tem.*—Petitioner is the plaintiff in an action for divorce prosecuted by her against her husband Raul J. Quezada, the real party in interest respondent herein. Raul having failed to make certain payments for child support pursuant to a pendente lite order made by the respondent court, petitioner caused to be issued and served upon him an order to show cause why he should not be held in contempt. Upon the return date of the order to show cause the parties stipulated that the issue might be tried by and before one of the commissioners of the court as a judge pro tempore. Pursuant to the stipulation the commissioner was appointed as such judge. After the trial of the issue the judge pro tempore found that Raul was not in contempt and discharged the order to show cause.

Petitioner now seeks a writ of certiorari to review this proceeding and annul the order.

There is but one jurisdictional question presented by the petitioner; all others being purely matters of alleged error and not subject to review in this proceeding. The sole jurisdictional question presented is: May a civil contempt proceeding be tried by and before a judge pro tempore appointed by the stipulation of the parties in accordance with section 5 of article VI of the Constitution of this state?

It is petitioner's contention that the contempt proceedings are criminal in nature and that therefore the respondent court is without power to appoint a judge pro tempore despite the stipulation of the parties to such appointment. The proceeding in the subject matter was one of a civil contempt, prosecuted for the benefit of the petitioner rather than as a means of compelling respect for the order of the court and to protect the dignity of the court. (*In re Wilson*, 75 Cal. 580 at 582-583 [17 P. 698].) █ Civil contempt proceedings "are not strictly criminal actions" but are special proceedings in which the contempt must be proven beyond a reasonable doubt rather than by a preponderance of the evidence, and in which the

_____

*Assigned by Chairman of Judicial Council.

party charged is entitled to the same protection of his constitutional rights as he would be in a criminal proceeding. (*Hotaling* v. *Superior Court*, 191 Cal. 501 at 504-505 [217 P. 73, 29 A.L.R. 127]; *Bridges* v. *Superior Court*, 14 Cal.2d 464 at 477 [94 P.2d 983].) ▮ The People of the State of California are not parties to the proceedings and the only persons who might make any stipulation are the parties to the action in which the order sought to be enforced through the contempt powers of the court was issued. (*Bridges* v. *Superior Court, supra,* 474-477.)

▮ In 1928 the People amended section 5 of article VI of the Constitution of this state so as to include the provisions that upon stipulation of the *parties litigant* "a cause in the superior court or in a municipal court" may be tried by a member of the bar as a judge pro tempore if his selection as such a judge is approved by the order of the court in which the *cause* is pending. Prior to the adoption of this amendment to section 5 of article VI of the Constitution the word "cause" as used in the Constitution of this state had acquired the definite meaning of including every matter that could come before the court for decision. (See *In re Wells*, 174 Cal. 467 at 471-472 [163 P. 657]; *In re Stevens*, 197 Cal. 408 at 413-414 [241 P. 88].) The familiar rule of construction requires that there be given a similarly broad meaning to section 5 as had been given to it by the Supreme Court in the cases just cited in construing section 4 of article VI of the Constitution.

The subject contempt proceeding was ancillary to the divorce action and was a cause which the respondent court had jurisdiction to decide and was one in which the parties litigant (plaintiff and defendant in the divorce action) could stipulate might "be tried by a judge pro tempore."

The petition for writ of certiorari and the petition for writ of mandate are denied.

White, P. J., and Fourt, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 19, 1959.