[Civ. No. 24617.   Second Dist., Div. Two.   June 30, 1960.]

MOLLIE AMOS, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent.

*Assigned by Chairman of Judicial Council.

Thomas Higgins, Jr., for Petitioner.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Respondent.

ASHBURN, J.—Petition for prohibition brought under section 999a, Penal Code, after motion to set aside an information pursuant to section 995, Penal Code, had been denied. The charge was bookmaking (Pen. Code, § 337a, subds. 1 and 2) and the motion was based upon the ground that defendant had not been legally committed by a magistrate. The problem presented is whether an attorney may act as a committing magistrate conducting a preliminary hearing in a criminal case after he has qualified pursuant to stipulation that he act in the particular proceeding as a judge pro tempore of a municipal court.

Petitioner, having been charged by complaint filed in the Municipal Court of the Inglewood Judicial District was duly arraigned and preliminary hearing set for January 14, 1960, in said court. On that day petitioner, as defendant, appeared with her counsel and entered into a stipulation with the district attorney that Robert S. Antram, a member of the bar in good standing for over five years last past and also a general Municipal Court Commissioner of the Inglewood Municipal Court, should become and act as judge pro tempore of said court and in that capacity conduct the preliminary examination of the defendant. Mr. Antram accepted said designation, his selection was approved by the presiding judge of said municipal court; he took the oath of office and conducted the hearing pursuant to said stipulation. At the conclusion of the hearing he held defendant to answer in the superior court.

In due course an information was filed in that court charg-

ing the same crime as was alleged in the municipal court complaint, defendant was arraigned and thereafter, appearing through counsel different from the one who had represented her upon the preliminary hearing, made the motion under section 995 alleging that "before the filing of said Information the defendant had not been legally committed by a Magistrate." In this court, as below, present counsel contends that the preliminary hearing was void because conducted by one who under the law could not attain the status of a magistrate. The major argument is that Mr. Antram, though legally qualified as a judge pro tempore of the municipal court to whom the particular hearing had been assigned, could not exercise the functions of a magistrate because that is a special statutory office whose duties are nonjudicial, one to which the constitutional provision for judges pro tempore does not apply.

Section 5 of article VI of the Constitution of the State provides in part: "Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council."

Rule 31 of Rules for the Municipal Court prescribed by the Judicial Council, which implements the constitutional provision, is set forth in the margin.[1] All of its requirements were complied with.

The first question requiring solution is whether a criminal proceeding is a "cause" within the purview of the constitutional provision for pro tempore judges. We entertain

---

[1] "The stipulation of parties litigant that a case may be tried by a judge pro tempore shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as judge pro tempore, and shall be submitted to the Presiding Judge, or to the judge in whose department the case is pending in courts which do not have a Presiding Judge. If the member of the State Bar agreed upon consents so to act and if his selection is approved by the judge, the approval and order designating the person selected as judge pro tempore shall be endorsed upon the stipulation, which shall thereupon be filed. The judge pro tempore so selected shall take and subscribe the oath of office, which shall be attached to the stipulation and order of approval, and the case shall thereupon be assigned to said judge pro tempore for trial. At any time after the filing of the oath, the judge pro tempore may proceed with the hearing, trial and determination of the case."

no doubt that it is. *Thurston* v. *Clark*, 107 Cal. 285, 289 [40 P. 435] says: "A criminal case is an action, suit, or *cause* instituted to punish an infraction of the criminal laws, and, with this object in view, it matters not in what form a statute may clothe it, it is still a criminal case. . . ." (Emphasis added.)

*Quezada* v. *Superior Court*, 171 Cal.App.2d 528, 530 [340 P.2d 1018], referring to the constitutional amendment which authorizes pro tempore judges, accurately states: "Prior to the adoption of this amendment to section 5 of article VI of the Constitution the word 'cause' as used in the Constitution of this state had acquired the definite meaning of including every matter that could come before the court for decision. (See *In re Wells*, 174 Cal. 467 at 471-472 [163 P. 657]; *In re Stevens*, 197 Cal. 408 at 413-414 [241 P. 88].) The familiar rule of construction requires that there be given a similarly broad meaning to section 5 as had been given to it by the Supreme Court in the cases just cited in construing section 4 of article VI of the Constitution." The decision dealt with a civil contempt and upheld the right to select and use a pro tempore judge notwithstanding the well-known criminal aspects of such a proceeding. (See pp. 529-530.)

*In re Wells*, 174 Cal. 467 [163 P. 657] and *In re Stevens*, 197 Cal. 408 [241 P. 88], dealt with the power of the Supreme Court to transfer a case from the District Court of Appeal to itself, which question turned upon the meaning of "cause" as used in section 4 of article VI of the Constitution. Stevens, quoting the Wells opinion, at page 414 emphasizes the quotation as follows: "The familiar rule of construction requires that it be given a similarly broad meaning in the new provision, and to include *every matter decided by a district court of appeal, and operating as a final decision or disposition thereof in that court*. It is clear, therefore, that the power to transfer causes from the district court of appeal to the supreme court, either before or after judgment in the district court of appeal, was intended to have this all embracing application."

A criminal prosecution quite commonly is referred to as a criminal cause and not without reason. Bouvier's Law Dictionary carries as one of its definitions of "cause": "Any question, civil or criminal, contested before a court of justice." Volume 1, Corpus Juris Secundum, Actions, section 1, page 951 states: "The term [cause] is one of very broad and general application, and has been held applicable to every species of action, not only to civil actions but to criminal cases as

well.'' Volume 22, Corpus Juris Secundum, which is devoted to the subject of criminal law has an entire division (§§ 149-158) entitled ''Transfer of Causes.'' The Supreme Court in *Blyew* v. *United States,* 13 Wall. (U.S.) 581-591 [20 L.Ed. 638], states: ''But an indictment prosecuted by the government against an alleged criminal, is a cause in which none but the parties can have any concern, except what is common to all the members of the community.''

As above stated we entertain no doubt that the Constitution authorizes the employment of a pro tempore judge in criminal cases.

Our attention has been called to certain decisions which hold that the office of magistrate is statutory,[2] that it does not pertain to the office of judge and that a justice or judge who sits as magistrate does not carry with him any of the implied or inherent powers of his judicial office. To an extent that proposition is sustained by *People* v. *Cohen,* 118 Cal. 74, 78 [50 P. 20]; *People* v. *Brite,* 9 Cal.2d 666, 683 [72 P.2d 122]; *People* v. *Swain,* 5 Cal.App. 421, 425 [90 P. 720]. However, those cases must be read with consciousness that ''it is elementary that the language used in any opinion is to be understood in the light of the facts and the issue then before the court.'' (*Eatwell* v. *Beck,* 41 Cal.2d 128, 136 [257 P.2d 643].)

*People* v. *Cohen, supra,* 118 Cal. 74, holds that a superior court judge who conducts a preliminary hearing cannot have the court clerk swear the witnesses, saying at page 78: ''A superior judge, when sitting as a magistrate, possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate. The justices of this court, judges of the superior courts, justices of the peace and police magistrates in cities and towns are each and all by the statute made magistrates. (Pen. Code, § 808.) The office is purely a statutory one, and the powers and duties of the functionary are solely those given by the statute; and those powers are precisely the same whether exercised by virtue of one office, or that of another. The statute makes no sort of distinction between them. If a judge of a superior court, or a justice of this court, sees fit to assume the duties of a committing magistrate—duties which are usually performed by

---

[2]Section 808, Penal Code, reads: ''The following persons are magistrates: 1. The justices of the Supreme Court; 2. The justices of the district courts of appeal; 3. The judges of the superior court; 4. The judges of the municipal court; 5. The judges of the justice courts.''

others—he has no greater authority as such magistrate than that possessed by any justice of the peace or police judge. (*People* v. *Crespi,* 115 Cal. 50 [46 P. 863].) He is not accompanied in the discharge of those functions by any of the general or implied powers, nor by those presumptions of regularity of his proceedings, which surround him when sitting as a judge of a court of record. As such magistrate he is purely a creature of the statute." This broad language spells only this, that a judge who sits as magistrate does not carry his court or his judicial attributes with him except to the extent that they inhere in the office of magistrate. The case does not hold that a magistrate cannot at any time exercise judicial functions.

*People* v. *Brite, supra,* 9 Cal.2d 666, decided that a judge who sits as magistrate is not required to affix a seal to a warrant of arrest.

*People* v. *Swain, supra,* 5 Cal.App. 421, points to a distinction which should not be ignored. A magistrate, since 1872, is merely "an officer having power to issue a warrant for the arrest of a person charged with a public offense." (Pen. Code, § 807.) But this he could do at the time of these earlier decisions only after taking the deposition of the informant or prosecutor and being satisfied that there was reasonable ground to believe defendant had committed the crime. But the status of the matter when it came before the justice of the peace as such is thus defined: "The proceeding authorized by section 1426[3] of the code involves a trial,[4] of which the justice of the peace *as such* has jurisdiction under the law, and is, of course, analogous to a trial for a felony in the superior court. Under the law, a justice of the peace, when exercising the powers of a magistrate, has equal authority as such with the justices of the supreme court and judges of the superior courts when acting in a similar capacity." (*Id.,* p. 424.) Such a hearing is manifestly judicial in nature. The officer conducting it must rule upon proffered evidence, weigh it and determine whether there is sufficient competent proof before him to establish reasonable cause to believe defendant guilty

---

[3] "All proceedings and actions before a justice's or police court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property, as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

[4] It has not been argued that, assuming a criminal case to be a "cause," a preliminary examination is not a "trial."

of the offense; having decided that question he must dismiss the cause or bind the defendant over to the superior court for further steps in the prosecution. This fulfills the classic definition of judicial power which "determines what the law is, and what the rights of the parties are, with reference to transactions already had." (*East Bay Municipal Utility Dist. v. Department of Public Works,* 1 Cal.2d 476, 479 [35 P.2d 1027].)

We think that *Frazier* v. *Moffatt,* 108 Cal.App.2d 379 [239 P.2d 123] (opinion by Mr. Presiding Justice White, hearing in the Supreme Court denied), necessarily leads to the conclusion that the holding of a preliminary examination is the exercise of a judicial function. In that instance the question was whether a magistrate who had caused an arrest under section 838, Penal Code,[5] could be held liable in damages where he acted maliciously and upon insufficient evidence. The question was answered in the negative because his conduct was held to be essentially judicial. At page 387 the court said: "[W]e are prompted to hold that the delegation of power imposed upon the judiciary by the Legislature as aforesaid is the imposition of a duty with a corresponding power that is to be classed as a judicial act. This we say because in the light of the historical concept of the powers and duties of a magistrate, the authority conferred by section 838 of the Penal Code is manifestly a power to exercise functions incidental to the judicial position of a magistrate. . . .

"From the foregoing it follows that when a magistrate acts pursuant to the provisions of section 838 of the Penal Code he is acting within his jurisdiction and in the performance of a judicial act, done in the execution of his office and within the purview of his general authority. When so acting a magistrate is therefore not amenable to any civil action for damages."

It should be remembered that Mr. Antram, in the instant case, acted only upon the preliminary hearing of the defendant, only in that portion of the proceeding which we deem undeniably judicial. ■ To our minds the matter reduces itself to this simple truth: An attorney of requisite qualifications may be made a pro tempore judge of a court pursuant to stipulation and effectuating court order; having thus become a judge he may exercise any and all of the functions of a

[5] "A magistrate may orally order a peace-officer or private person to arrest anyone committing or attempting to commit a public offense in the presence of such magistrate."

judge in a matter assigned to him;[6] when he steps into a preliminary hearing in a criminal case he exercises exactly the same functions as anyone else presiding over such a hearing and those functions are essentially judicial.

We conclude that an attorney may be selected and qualified to act as a judge pro tempore in a criminal case; that as such he competently may conduct a preliminary examination of defendant; that there was no invalidity in the proceeding at bar.

No other points require discussion.

The writ of prohibition is denied and the alternative writ is discharged.

Fox, P. J., concurred.

KINCAID, J. pro tem.*—I dissent.

The two principal questions presented are: (a) whether our state Constitution or statutes authorize or permit a member of the bar, or a member of the bar who is also a court commissioner, pursuant to stipulation and order purportedly empowering him to act as judge pro tempore and as committing magistrate, to conduct a preliminary examination, to hold the defendant to answer and commit her; and (b) whether petitioner is precluded from attacking the validity of her commitment by reason of her stipulations herein. I would answer both questions in the negative.

It seems clear to me that our Constitution and statutes (Cal. Const. art. I, § 8; Pen. Code, §§ 858-883) require that preliminary examinations must be conducted and commitments must be made by officers who are designated by statute to act as "magistrates," unless the provisions of article VI, section 5 of our Constitution hereinafter referred to, permit others to so act.

Said article I, section 8 of our Constitution specifies in part: "Offenses heretofore required to be prosecuted by indictment shall be presented by information, after examination and commitment by a *magistrate*, or by indictment . . ." (Emphasis added.) Section 872, Penal Code, provides that, if it appears from the examination that a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof, "the *magistrate* must make or indorse on the

---

[6] "For the purposes of the particular case, he is given by the constitution the same power that is vested in the regularly elected and qualified judge of the court." (*Graziani* v. *Denny*, 174 Cal. 176, 179 [162 P. 397].)

*Assigned by Chairman of Judicial Council.

complaint an order, signed by him," ordering that the defendant be held to answer. (Emphasis added.) Section 876, Penal Code, further specifies that, "[i]f the *magistrate* order the defendant to be committed, he must make out a commitment, signed by him, with his name of office . . ." (Emphasis added.)

Our statutes further expressly designate the persons who are and can act as "magistrates." Section 807, Penal Code, states: "A magistrate is an *officer having power to issue a warrant* for the arrest of a person charged with a public offense"; (emphasis added) and section 808, Penal Code, provides that the justices of the Supreme Court and the district courts of appeal, and the judges of the superior, municipal and justice courts, are "magistrates."

It has long been settled that the office of magistrate is purely statutory; that the powers and duties of a magistrate are solely those given by statute; that the office, powers and duties of a magistrate are essentially different from those of a court or of a judge as such; and that a judge or justice does not act as a court or judge when he sits as a magistrate. (*People* v. *Brite,* 9 Cal.2d 666, 683-685 [72 P.2d 122]; (*People* v. *Cohen,* 118 Cal. 74, 78-79 · [50 P. 20]; *People* v. *Swain,* 5 Cal.App. 421, 424-425 [90 P. 720]; 13 Cal.Jur.2d 455-456; 1 Witkin, California Procedure, 136.)

In view of the essential difference between the office, powers and duties of a magistrate and those of a judge or a court, the contention that article VI, section 5, of our Constitution, which authorizes a member of the bar under certain circumstances to act as a "judge pro tempore" to try a cause, also authorizes a member of the bar upon stipulation and court order to act as a "magistrate pro tempore," cannot be sustained.

Nor does the fact that the attorney so designated is a regularly appointed commissioner of the municipal court authorize him to assume the powers of a magistrate. Section 259a, subdivision 4, Code of Civil Procedure, authorizes a court commissioner in Los Angeles County to act as a judge pro tempore when appointed for that purpose but only when otherwise qualified so to act.

In order to hold that such or any member of the bar might be designated by stipulation or order to act as a magistrate pro tempore, for the purpose of conducting a preliminary examination in the case of a person charged with commission of a felony, it must necessarily be held that such person has the power to issue warrants for arrest. A magistrate, however,

is the sole officer having the statutory power to issue a warrant. (Pen. Code, §§ 813, 807.) Only a magistrate as defined by said section 807, Penal Code, can qualify, and only such a magistrate is empowered to conduct the preliminary examination of petitioner, hold her to answer for trial or order her committed. (Pen. Code, §§ 872, 876.)

It seems unnecessary for determination of the questions here presented to consider the contention that the aforesaid provisions of article VI, section 5, of the Constitution authorize the designation of members of the bar to try "criminal" as well as "civil" causes. (*Quezada* v. *Superior Court,* 171 Cal. App.2d 528 [340 P.2d 1018], is not in point, since such decision was based upon the ground that the cause involved therein was a *civil* contempt proceeding. Further, even if we assume for purposes of present consideration, that the provisions of article VI, section 5, authorize the designation of a member of the bar to try criminal causes as a judge pro tempore, said provisions cannot be reasonably construed as also authorizing the designation of a member of the bar to act in the totally different capacity of magistrate. (Pen. Code, § 807; Cal. Const. art. I, § 8; *People* v. *Swain, supra*; *People* v. *Cohen, supra*; *People* v. *Brite, supra.*)

Respondent's further contention that petitioner should be precluded from attacking the validity of her commitment by reason of her stipulations herein, cannot be sustained.

Granting that a defendant can waive certain personal statutory and even constitutional rights, the specific provisions of the statutes and Constitution heretofore cited require a defendant be held to answer and committed only by a person of authorized competent authority. As is stated in *People* v. *Cohen, supra,* 118 Cal. 74, 81-82, where an oath was administered by a court clerk having no authority to administer oaths, "We are satisfied that the section [i.e., Pen. Code, § 121 providing that ' [i]t is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner . . . '] does not excuse the necessity of an oath in substantial form administered by a person of competent authority."

Neither the parties by stipulation, nor a judge by order, are legally empowered to invest a stranger with power to act as a magistrate, where the office is purely statutory, where a magistrate must be an officer having power to issue warrants for arrest and where there are no provisions authorizing a member of the bar or a court commissioner to act as a magistrate.

The mere circumstance that a defendant may waive his right to a preliminary examination does not in any way excuse the necessity that the defendant has to be committed by a competent magistrate. (Pen. Code, §§ 860, 876; Cal. Const., art. I, § 8.)

Respondent's further point that a person designated by stipulation and order to conduct a preliminary examination should be considered a de facto magistrate, is without substance.

There must exist some constitutional or statutory authority for the appointment of a magistrate for the de facto doctrine to be applicable. (30 A, Am.Jur. 132; 41 Cal.Jur.2d 113-115.) In my opinion, the purported appointment and designation herein was wholly unauthorized, without any color of right, and therefore the de facto doctrine is inapplicable.

I favor an order to let a writ of prohibition issue restraining the respondent court from taking further proceedings against petitioner on the information and commitment heretofore filed and made, such writ to issue without prejudice to the People to take further proceedings permissible under the law to have petitioner legally indicted, or given a preliminary hearing before a competent magistrate.

Petitioner's application for a hearing by the Supreme Court was denied August 24, 1960.