## Appellate Department, Superior Court, San Diego

[Crim. No. 11673. Nov. 16, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. ARNIE EUGENE HARDIN et al., Defendants and Respondents.

James Don Keller, District Attorney, and Richard H. Bein, Deputy District Attorney, for Plaintiff and Appellant.

Harrington, Waddell & Gill and Thomas R. Waddell for Defendants and Respondents.

Before Glen, P. J., Toothaker, J., and Conyers, J.

THE COURT—On January 31, 1967, a criminal complaint was filed in the municipal court charging defendants here (and others) with a felony (unlawful possession of marijuana), and a misdemeanor (being present in a place where narcotics are being unlawfully used).

On February 1, 1967, with counsel, defendants and their codefendants were arraigned before a magistrate on the felony-misdemeanor complaint, and were ordered to appear February 28, 1967, for a preliminary hearing.

At the conclusion of the preliminary hearing two codefendants, upon motion, were referred to the juvenile court; four codefendants were bound over to the superior court on the felony-misdemeanor counts; and, as to the defendants here, the magistrate found the evidence insufficient to hold them to answer the felony count and dismissed it. However, he held the evidence sufficient to hold defendants on the misdemeanor count, and ordered them to appear in the superior court

March 21, 1967, together with the four codefendants bound over on both the felony and misdemeanor counts.

On March 21, 1967, all parties appeared as ordered in the superior court with counsel. At this appearance, since the information charged these defendants-respondents with the misdemeanor count only, on motion of the defendants the superior court remanded them on the misdemeanor count to the municipal court for trial and ordered defendants-respondents to appear in the municipal court March 22, 1967. They appeared pursuant to said order of remand at which time, over defendants-respondents' objection, the People were permitted to file in the municipal court an amended complaint charging defendants with the same misdemeanor count as was charged in the original felony-misdemeanor complaint. At that time defendants moved to dismiss the misdemeanor complaint under section 1382, Penal Code (failure to bring defendants to trial within statutory time), which motion was denied. Defendants thereupon were arraigned on the amended misdemeanor complaint, pled "Not guilty" and were ordered to appear for trial April 17, 1967. They appeared on that date and again moved to dismiss the amended misdemeanor complaint on the grounds they were not brought to trial within the time limit set forth in section 1382, Penal Code. The motion was then granted, and the amended misdemeanor complaint dismissed (as well as the misdemeanor count alleged in the original felony-misdemeanor complaint).

It is from these orders of dismissal of the misdemeanor complaints that the People appeal.

The complications presented by this appeal arise out of *Kellett* v. *Superior Court*, 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. In that case the petitioner was charged with violating section 417, Penal Code (exhibiting a firearm in a threatening manner), a misdemeanor. Approximately a month later, November 17, 1964, after a preliminary hearing in which it appeared that petitioner had been convicted of a felony, he was charged by an information in the superior court with committing a felony in violation of Penal Code, section 12021 (possession of a concealable weapon by a person who has been convicted of a felony). While awaiting trial in the superior court on the felony charge, the petitioner entered a plea of guilty to the misdemeanor charge of violating section 417, Penal Code and was sentenced to 90 days in the county jail. On January 26, 1965, six days later, he moved in the superior court to dismiss the information charging the

violation of section 12021, Penal Code on the ground that it was barred by Penal Code, section 654, which provides generally that an act or omission which is punishable in different ways by different provisions of the Penal Code may be punished under either provision, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. Petitioner's motion was denied and he sought a writ of prohibition to prevent his trial on the felony count in the superior court.

The Supreme Court upheld petitioner's contention, stating that the joinder of a misdemeanor and a felony count in a single accusatory pleading was permissible within the meaning of section 954, Penal Code (relating to joinder of offenses in a criminal case). The court went further, however, and held under the circumstances presented, where a felony and misdemeanor were related, *joinder in the same complaint was mandatory*, if both were to be prosecuted. At page 826 the court stated: "By a series of amendments to section 954 that have greatly expanded the scope of permissible joinder, the Legislature has demonstrated its purpose to require joinder of related offenses in a single prosecution. In addition to preventing harassment, joinder avoids needless repetition of evidence and saves the state and the defendant time and money." (Citing cases.) At page 827 the court outlines the basis for its decision requiring mandatory joinder as follows: "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted. When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.[5]"

"[5]To the extent that *People* v. *Wilson*, 224 Cal.App.2d 738 [37 Cal. Rptr. 42], is inconsistent with this conclusion it is disapproved."

In the case at hand the prosecution following the dictates of the *Kellett* case, properly alleged the felony and misdemeanor in the same complaint, and would necessarily have tried both offenses in the superior court had the felony and misdemeanor been bound over together in the superior court at the preliminary hearing.[1]

The disapproval in *Kellett* of *People* v. *Rodriguez*, 202 Cal. App.2d 191 [20 Cal.Rptr. 556], is significant. That case approved separate trials for a defendant charged with a misdemeanor and a felony. See also significant language in *People* v. *Bundte*, 87 Cal.App.2d 735, 744 [197 P.2d 823], cited in the *Kellett* opinion.

If the trial of a misdemeanor and a felony joined is necessary and proper in the superior court when the felony is bound over, it would seem plain that subdivisions 1 and 2 of section 1382, Penal Code must be used to determine whether a speedy trial has been provided.

Section 1382, Penal Code reads in pertinent part as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter.

"2. When a defendant is not brought to trial in a superior

---

[1] See footnotes 3 and 4, page 826 of the *Kellett* case wherein it is stated:

"3 Section 954 does not distinguish felonies and misdemeanors in its provisions for joinder. It therefore authorizes the joinder of a misdemeanor count and a felony count in a prosecution in the superior court. (*People* v. *Bundte*, 87 Cal.App.2d 735, 744 [197 P.2d 823].) To the extent that it is inconsistent with this opinion, *People* v. *Rodriguez*, 202 Cal.App.2d 191 [20 Cal.Rptr. 556], is disapproved.

"4 The needless harassment and waste of time and money of both the state and the defense arising from separate trials of closely related offenses is forcefully illustrated by *People* v. *Majors*, 65 Cal. 138 [3 P. 597, 52 Am.St.Rep. 295]. Majors counseled and advised another to commit a robbery during the course of which two persons were killed. Although the killings occurred at the same time and the same evidence established that Majors was guilty of murder for each killing, he was separately tried and convicted of each crime. At that time, however, section 954 of the Penal Code provided that an indictment or information could charge only one offense. Accordingly, to insure that Majors could be punished for both murders, it was necessary for the court to hold that Majors' trial and conviction for the murder of one victim did not bar an essentially repetitive trial and conviction for the murder of the other victim. Since section 954 now provides that an 'accusatory pleading may charge two or more different offenses connected together in their commission,' there is no longer any justification for repetitive trials such as those sanctioned in the *Majors* case."

court within 60 days after the finding of the indictment or filing of the information . . ." We cannot interpret the basic constitutional demand for a speedy trial as requiring a trial in the superior court of the misdemeanor wedded with the felony within 30 days of the filing of the complaint, nor within 45 days of the defendants' release on bail. Such a requirement would defeat the required joinder by a limitation that is in practice impossible. The joinder would be defeated because of the time element and procedures properly involved in the superior court.

Section 1382, Penal Code, subdivision 3, under which the trial court apparently dismissed the misdemeanor complaint, provides: "3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an *inferior court* is not brought to trial within 30 days after he is arraigned . . ." (Italics added.)

Defendants were remanded to the municipal court by order of the superior court on March 21, 1967, and on March 22 was their first appearance in an *inferior court* on the misdemeanor count. They were not arraigned in an inferior court until March 22, 1967, when the municipal court set the trial for April 17, 1967, which was within 30 days of their first appearance in an inferior court, as distinguished from an appearance before a magistrate.

Subdivision 4 of section 691, Penal Code, which is applicable to that portion of the Penal Code wherein section 1382 is codified, defines "accusatory pleading" as follows: "4. The words 'accusatory pleading' include an indictment, an information, an accusation, a complaint filed with a magistrate charging a public offense of which the superior court has original trial jurisdiction, *and a complaint filed with an inferior court charging a public offense of which such inferior court has original trial jurisdiction.*" (Italics added.)

█ Where the original felony-misdemeanor complaint alleged a felony count and a misdemeanor count, it was not within the original trial jurisdiction of an inferior court.

Subdivision 1 of section 691, Penal Code defines "inferior courts" as follows: "1. The words 'inferior court' or 'inferior courts' include municipal courts and justices' courts." A magistrate must be distinguished from a *court*. As was said in *Amos* v. *Superior Court*, 182 Cal.App.2d 343 [6 Cal.Rptr. 252], ". . . a judge who sits as magistrate does not carry his court or his judicial attributes with him except to the extent that they inhere in the office of magistrate."

In *Fursdon* v. *County of Los Angeles,* 100 Cal.App.2d Supp. 845 [223 P.2d 520], it is held that ". . . whatever may be the inherent powers of the court from which a magistrate comes to conduct a preliminary examination, those powers do not inhere in him while he is acting as such magistrate." The office of magistrate is statutory (see *People* v. *Cohen,* 118 Cal. 74 [50 P. 20]; *People* v. *Brite,* 9 Cal.2d 666 [72 P.2d 122]; *People* v. *Swain,* 5 Cal.App. 421 [90 P. 720]).

■ The original felony misdemeanor complaint here was filed with a magistrate (subd. 4, § 691, Pen. Code, *supra*). Hence the defendants were not arraigned on any criminal complaint *in an "inferior court,"* nor were they released on bail on an offense originally triable in an inferior court until March 22, 1967, when they appeared in the municipal court. Thus subdivision 3 of section 1382, Penal Code was not available to them until March 22, 1967. The trial court erred in impliedly holding that section 1382, subdivision 3, became operative upon defendants' arraignment before a *magistrate* on the original filing of the felony-misdemeanor complaint. Section 1382, Penal Code, deals with trials, and no trial jurisdiction was invoked in the municipal court by an arraignment before a magistrate. See *People* v. *Scofield,* 249 Cal. App.2d 727, at page 735 [57 Cal.Rptr. 818], in which it is stated: "When a judge of a particular judicial district acts in the capacity of a magistrate, he does not do so as a judge of a particular court but rather as one who derives his powers from the provisions of . . . sections 807 and 808. [Citation.] By initiating proceedings before magistrates, no trial jurisdiction of any court is invoked."

Since the People necessarily and properly charged the defendants with a felony and a misdemeanor in the same pleading, and must have tried both in the superior court if the felony had been bound over, we do not believe the defendants were denied the fundamental due process of a speedy trial. The right to a speedy trial has been defined in *United States* v. *Ewell* (1966) 383 U.S. 116 [15 L.Ed.2d 627, 86 S.Ct. 773] as follows: " 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' [Citation.] 'Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances . . . The delay must not be purposeful or oppressive.'

[Citation.] '[T]he essential ingredient is orderly expedition and not mere speed.' [Citation.]

". . . . . . . . . . . . . . . . . . . . .

". . . [T]he applicable statute of limitations . . . is usually considered the primary guarantee against bringing overly stale criminal charges. Surely [defendants] could claim no automatic violation of their rights to a speedy trial if there had been no charges . . . in 1962 but only the . . . indictment in 1964 [i.e., within the applicable statute of limitations] . . . ."

We do not see procedural problems arising out of the *Kellett* case. It would seem that once a defendant is charged with a felony and a misdemeanor in the same complaint, arising out of the same act or set of circumstances, the magistrate must hear the matter at a preliminary hearing. He must advise the defendant of his rights (§§ 859, 859a-860, Pen. Code) which advice does not include, of course, an arraignment, and does not include advising the defendant of his rights to a jury trial, a speedy trial and the trial date. Such procedure must be distinguished from an arraignment for trial. It is clear that an appearance before a magistrate does not invoke trial court jurisdiction. (See *People* v. *Scofield, supra.*)

 If the evidence is sufficient in the opinion of the magistrate to hold the defendant on the felony count, which would include the misdemeanor count, he should then be bound over to the superior court for trial (and § 1382, Pen. Code, subds. 1 and 2, would apply insofar as the rights of the defendant to a speedy trial are concerned). If the felony count is dismissed, as was done here, the magistrate at the termination of the preliminary hearing on motion of the People or the defendant or on his own motion, if a public offense is found to have been committed, should order the defendant arraigned in the municipal court and a trial date fixed on the misdemeanor count.

The defendant thereby will be accorded a speedy trial on the felony and the misdemeanor counts of the complaint if he is bound over to the superior court on the felony and the misdemeanor, and the misdemeanor will be determined one way or the other as included within the felony. If the felony is dismissed for insufficient evidence or any other reason, the defendant will likewise be accorded a speedy trial on the misdemeanor count if it is ordered filed in the municipal court

and tried accordingly as a misdemeanor. (See *United States* v. *Ewell, supra.*)

We conclude, therefore, that the order of the trial court granting respondents' motion under section 1382, Penal Code dismissing the misdemeanor complaint herein be reversed, and the within cause is remanded to the municipal court with directions to proceed with the trial on the misdemeanor count.