[No. 18423.   Department One.—May 24. 1895.]

JOSEPH   D.   THURSTON,   RESPONDENT,   v.   P.   H. CLARK, APPELLANT.

PROCEEDING FOR REMOVAL OF OFFICER—EXPIRATION OF TERM—RE-ELECTION.—A proceeding for the removal of an officer under section 772 of the Penal Code cannot be maintained after the accused had ceased to hold his office, nor for a violation of his duty while serving in another office, or in another term of the same office; and an accusation will not lie for the violation of duties imposed upon the incumbent of an office during a former term.

ID.—CRIMINAL PROCEEDING.—CONSTRUCTION OF CODE—PROTECTION OF DEFENDANT FROM CRIMINATION.—Removal from office under the summary proceeding provided for by section 772 is a punishment for wrongdoing on the part of the officer, and the proceeding is, in its nature, a criminal

case within the meaning of section 13 of article I of the constitution, providing that no person shall be compelled, in a criminal case, to be a witness against himself.

ID.—ENFORCEMENT OF PENALTY—QUI TAM ACTION—PROTECTION OF WITNESS.—A proceeding in the nature of a *qui tam* action to enforce a penalty, no matter in what form the statute may clothe it, is, in its nature, a criminal case, and the defendant cannot be compelled to be a witness against himself.

APPEAL from a judgment of the Superior Court of Glenn County.

The facts are stated in the opinion.

*J. C. & J. H. Ball,* for Appellant.

*Charles L. Donohoe,* and *George H. Dudley,* for Respondents.

SEARLS, C.—This is a proceeding under section 772 of the Penal Code to remove the appellant, P. H. Clark, from the office of sheriff of the county of Glenn, and to recover a judgment for five hundred dollars against him in favor of Joseph D. Thurston, as an informer under said section.

The cause was tried by the court, written findings filed upon which judgment was entered, depriving the defendant of his office as sheriff of Glenn county, and that Joseph D. Thurston have and recover from said P. H. Clark the sum of five hundred dollars and costs.

Defendant appeals from the judgment and from an order denying his motion for a new trial.

The judgment and order appealed from must be reversed for many reasons, some of which are as follows:

1. It appeared, from what may be termed the complaint, that the defendant was duly elected sheriff of the county of Glenn, and qualified on the eleventh day of May, 1891; that he was re-elected to the same office on the eighth day of November, 1892, and qualified on or about December 9, 1892.

In other words he was his own successor, and under the act organizing the county of Glenn, approved March

11, 1891, may be presumed to have taken office under his second term on the first Monday of January, 1893.

There are in the complaint about a dozen separate and distinct specifications of acts, averred as violations of law, of which some one-half, as nearly as can be determined, were for alleged misconduct during defendant's first term of office.

As to these charges or specifications the demurrer should have been sustained.

Section 772 of the Penal Code, under which this proceeding is prosecuted, is as follows: "When an accusation in writing, verified by the oath of any person, is presented to a superior court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty days from that on which the accusation was presented, must proceed to hear, in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars in favor of the informer, and such costs as are allowed in civil cases."

It will appear from the foregoing that the specific object of the legislature is to remove from office a class of officers who have been guilty of malfeasance or misfeasance in such offices. It is not to punish such persons for wrongs perpetrated outside of, but within the scope of, the duties imposed upon them by the precise office in question. In *Smith* v. *Ling*, 68 Cal. 324, it was held that a proceeding for the removal of an officer un-

der section 772, *supra,* could not be maintained after
the accused had ceased to hold office. (See, also, *Woods*
v. *Varnum,* 85 Cal. 639.)

By parity of reasoning an officer cannot, under the
same section, be removed from office for a violation of
his duties while serving in another office, or in another
term of the same office. Each term of an office is an
entity separate and distinct from all other terms of the
same office. If defendant violated any duty imposed
upon him as an incumbent of the office of sheriff during
a former term the law furnishes a mode or modes for
his punishment; but to remove him from an office to
which he has been subsequently elected is not the pun-
ishment for such violation of duty prescribed by any
law of this state.

There are other objections to the accusation or com-
plaint, and the demurrer should have been sustained.

2. At the trial the prosecution, for the purpose of
making out its case, called as a witness the defendant,
P. H. Clark, and against his objection and protest the
court required him to testify, and he gave evidence in
the cause tending to sustain the charges against him.

This action of the court is assigned as error, and, in
view of the fact that in the event of another trial the
same question is liable to arise, we will briefly notice it
here.

Section 13 of article I of our constitution, following
a like provision in amendment V of the constitution of
the United States, declares that no person shall "be com-
pelled, in any criminal case, to be a witness against
himself."

Removal from office under the summary proceeding
provided for by section 772, *supra,* is a punishment for
wrongdoing by the class of officers designated in chap-
ter II of title 2 of part 2 of such code.

There are two methods of prosecution for willful or
corrupt misconduct in office provided by chapter 2.

One is by an accusation in writing, presented by the
grand jury, stating the offense charged in ordinary and

concise language, under which the accused is entitled to and must be tried by a jury, and, upon a conviction, the judgment is that the defendant ·be removed from office. (Pen. Code, secs. 758–70.)

The other method is the summary method provided by section 772 of the same chapter, *supra.*

In all its essentials of cause and effect the latter is a criminal proceeding equally with the former. The proceeding is a nondescript, but resembling somewhat a *qui tam* action.

But whatever its garb it is in body and spirit, in its aim and object, a process for the punishment of crime. When the constitution declares that no person shall be compelled in any criminal case to be a witness against himself it must be construed to apply to all cases in which the action prosecuted is not to establish, recover, or redress private and civil rights, but to try and punish persons charged with the commission of public offenses.

A criminal case is an action, suit, or cause instituted to punish an infraction of the criminal laws, and, with this object in view, it matters not in what form a statute may clothe it, it is still a criminal case, and the person charged therein is protected from being an enforced witness against himself by the ægis of the constitutions, national and state.

This whole question was considered, and, as we think, set at rest by the supreme court of the United States, in *Boyd* v. *United States,* 116 U. S. 616.

The proceeding was one *in rem,* to establish the forfeiture of certain goods alleged to have been fraudulently imported without paying the duties thereon pursuant to an act of Congress.

The law authorized the court, on motion of the government attorney, to require the defendant to produce in court his invoices, etc., or, upon failure so to do, the allegations of the prosecution as to their contents were to be taken as true.

The court made an order accordingly, and the defend-

ant produced the invoice, but excepted to the action of the court upon the ground that the act of Congress was in violation of the constitution.

Bradley, J., in an elaborate opinion reversing the judgment, after stating that under the act the prosecution might have proceeded by indictment against the defendant, proceeds as follows: " If the government prosecutor elects to waive an indictment and to file a civil information against the claimants—that is, civil in form—can he, by this device, take from the proceeding its criminal aspect and deprive the claimants of their immunities as citizens, and extort from them a production of their private papers, or, as an alternative, a confession of guilt?   This cannot be.   The information, though technically a civil proceeding, is in substance and effect a criminal one."

The court adds: " We are further of opinion that a compulsory production of the private books and papers of the owner of goods sought to be forfeited in such a suit is compelling him to be a witness against himself, within the meaning of the fifth amendment of the constitution."

In the later case of Lees v. United States, 150 U. S. 476, which was a civil action in form, to recover a penalty for importing an alien under a contract to perform labor, etc., the defendant was called and compelled to give evidence in favor of the government.

Mr. Justice Brewer, in disposing of this branch of the case, said: " This, though an action civil in form, is unquestionably criminal in its nature, and in such a case a defendant cannot be compelled to be a witness against himself.   It is unnecessary to do more than to refer to the case of Boyd v. United States, supra," etc.

It follows that the action of the court in requiring the defendant to give testimony against himself was in violation of the right guaranteed to him under the constitution.

The other errors assigned need not be noticed.

The judgment and order appealed from should be reversed, and the court below directed to sustain the demurrer to the accusation with leave to amend.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the court below directed to sustain the demurrer to the accusation with leave to amend.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.