[Civ. No. 19411. Third Dist. Sept. 18, 1980.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MONO COUNTY, Respondent;
EUGENE JOSEPH HANSON, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and Paul V. Bishop, Deputy Attorneys General, for petitioner.

No appearance for Respondent.

Smith, Buchanan & Smith and Willis Smith for Real Party in Interest.

OPINION

**PUGLIA, P. J.**—In this mandamus petition we are asked to determine whether a public official against whom a grand jury accusation charging misconduct in office has been returned is entitled to a postaccusation preliminary hearing as a function either of equal protection or due process of the law.

A grand jury returned an accusation against real party in interest Eugene Joseph Hanson, a member of the Mono County Board of Supervisors, charging wilful and corrupt misconduct in office in violation of Government Code section 3060. After the accusation was filed in the superior court, Hanson moved for a postaccusation preliminary hearing. The court granted the motion in order "to secure due process." The hearing was ordered to be held in the Mono County Superior Court.

The People then filed the present petition for a writ of mandamus directing the superior court to vacate its order for a postaccusation preliminary hearing and for a stay of further proceedings pending resolution of the mandamus proceeding. We issued an alternative writ and stay.

The People contend that the superior court exceeded its authority in ordering the preliminary hearing. Since the statute makes no provision for a postaccusation preliminary hearing, the authority of the court so to order is dependent upon whether there is a right thereto grounded in equal protection or due process principles.

### Equal Protection

*In Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], the California Supreme Court remarked the difference in procedural rights between felony prosecutions initiated by grand jury indictment and by information (Cal. Const., art. 1, § 14; Pen. Code, § 737). The court held that an indicted defendant was denied the equal protection of the laws guaranteed by article I, section 7, of the California Constitution if not afforded a postindictment preliminary hearing. The court noted that defendants charged with a felony by information are entitled to an adversary preliminary hearing pursuant to Penal Code section 859b, and that such adversary hearings provide these defendants with a greater array of procedural protections than are

provided those indicted by a grand jury; the decision emphasized the "unfettered discretion" of the district attorney to choose which defendants to charge by indictment or by information and framed the equal protection issue in the context of ". . . the constitutionality of permitting the prosecuting attorney to make such discriminatory classifications." (*Hawkins* v. *Superior Court, supra*, 22 Cal.3d at p. 592.)

Hanson seeks an extension of the *Hawkins* decision, involving the district attorney's discretion in the treatment of defendants charged with felony, to public officials who face removal from office pursuant to a grand jury accusation. He argues that the disparity in procedural protections accorded public officers accused of misconduct in office and those persons charged by information or indictment with a felony serves no compelling state interest.

■ At the outset, however, we determine that Hanson cannot claim unequal treatment vis-à-vis persons charged with a felony. ■ The "equal protection" provisions of the federal and state Constitutions protect only those persons similarly situated from invidiously disparate treatment. (*Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, §§ 336, 341, pp. 3630, 3635-3637.) Pre-requisite to a meritorious claim under an equal protection analysis is a showing that the state has imposed a classification which affects two or more *similarly situated* groups. (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) More precisely, in the words of Justice Frankfurter: "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." (*Tigner* v. *Texas* (1940) 310 U.S. 141, 147 [84 L.Ed. 1124, 1128 60 S.Ct. 879, 130 A.L.R. 1321].) ■ Here, persons charged with a felony, either by indictment or by information, and public officers accused of misconduct in office simply are not "similarly situated."

Although accusation proceedings in California have been described as criminal in nature (*Thurston* v. *Clark* (1895) 107 Cal. 285, 289 [40 P. 435]; *People* v. *Hale* (1965) 232 Cal.App.2d 112, 117-118 [42 Cal.Rptr. 533]; see also Pen. Code, § 15; Evid. Code, § 903; Annot. (1932) 81 A.L.R. 1089, 1090-1092), they are unlike felony criminal proceedings in that they protect a different public interest, are governed by separate and distinct procedures, and do not subject the accused to a fine or potential loss of liberty. ■ The primary purpose

of an accusation proceeding is to provide the public with an effective means to remove unworthy and unfaithful officials during their current term of office. (*In the Matter of Burleigh* (1904) 145 Cal. 35, 37 [78 P. 242]; *Thurston v. Clark, supra*, 107 Cal. at p. 287.) To effect this purpose, the Legislature has provided a special proceeding which is neither a criminal proceeding by indictment nor by information. (Pen. Code, § 737; *People v. Hulburt* (1977) 75 Cal.App.3d 404, 408 [142 Cal.Rptr. 190].) ■ Instead of subjecting the accused to the usual criminal penalties of fine or imprisonment, the statute governing accusations is designed merely to remove an office-holder who comes within its terms. (*People v. Hale, supra*, 232 Cal.App.2d at p. 119; *Thurston v. Clark, supra*, 107 Cal. at p. 288.) The act or omission for which an officer may be removed does not necessarily imply corruption or criminal intent or the commission of a crime in the ordinary sense of that term. (*People v. Hale, supra*, 232 Cal.App.2d at pp. 118-119; *In the Matter of Burleigh, supra*, 145 Cal. at p. 37.)

Felony proceedings accord a charged defendant the greatest number of procedural protections because a felony conviction subjects the defendant to the gravest penalties of death or prolonged imprisonment. Penal Code section 859b gives persons charged by complaint with a felony the right to a preliminary hearing. Significantly, the Legislature did not provide a preliminary hearing for persons charged with the less serious misdemeanor class of offenses.

Procedural safeguards vary with the gravity and nature of the crime or public offense. Accordingly, one charged by accusation has no standing to claim under the aegis of equal protection safeguards due a person charged with felony. Instead, the relevant class for equal protection comparison purposes within which he falls consists of those public officials facing removal for alleged official misconduct. Since the governing statute provides as to all such persons that proceedings for removal shall be commenced by grand jury accusation, equal protection is not affronted by the denial of a preliminary hearing.

### Due Process

Hanson alternatively premises his claimed right to a preliminary hearing on due process grounds. ■ The extent to which due process is available under the California Constitution depends on a balancing of the private and governmental interests involved in each context. (*People*

v. *Ramirez* (1979) 25 Cal.3d 260, 269 [158 Cal.Rptr. 316, 599 P.2d 622]; *Van Atta* v. *Scott* (1980) 27 Cal.3d 424 [166 Cal.Rptr. 149, 613 P.2d 210].) The concept of "'due process is flexible and calls for such procedural protections as the particular situation demands.'" (*Ramirez, supra*, 25 Cal.3d at p. 268, quoting *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 481 [33 L.Ed.2d 484, 494, 92 S.Ct. 2593].)

■ It is readily apparent that the statutory unavailability to real party of a postaccusation preliminary hearing does not violate federal due process. Those charged with federal "capital or otherwise infamous crimes" are constitutionally entitled to be proceeded against by grand jury indictment (U. S. Const., Amend. V). Numerous federal cases hold that return of an indictment eliminates the need for a preliminary hearing. (*Jaben* v. *United States* (1965) 381 U.S. 214, 220 [14 L.Ed.2d 345, 350, 85 S.Ct. 1365.]; *Austin* v. *United States* (9th Cir. 1969) 408 F.2d 808, 810; *United States* v. *Conway* (3d Cir. 1969) 415 F.2d 158, 160, cert. den. 397 U.S. 994 [25 L.Ed.2d 401, 90 S.Ct. 1131].) In the words of the United States Supreme Court: "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." (*Costello* v. *United States* (1956) 350 U.S. 359, 363 [100 L.Ed. 397, 402-403, 76 S.Ct. 406]; see also *United States* v. *Calandra* (1974) 414 U.S. 338 [38 L.Ed.2d 561, 94 S.Ct. 613]; *Bracy* v. *United States* (1978) 435 U.S. 1301, 1302-1303 [55 L.Ed.2d 489, 491, 98 S.Ct. 1171].)

The question remains whether the due process clause of the California Constitution (art. I, § 7) affords greater procedural rights. *Hawkins* held that defendants indicted for a felony offense were entitled to a postindictment preliminary hearing on equal protection grounds; the *Hawkins* court therefore found it unnecessary to address the due process issue. (*Hawkins* v. *Superior Court, supra*, 22 Cal.3d at pp. 586-587.) Balancing the interest of a public officer in uninterrupted service of his term against the People's interest in a procedure expeditiously to rid the public service of unworthy officers, we find no persuasive justification to extend state due process rights in the present context beyond those guaranteed by the federal Constitution.

Since a postaccusation preliminary hearing is not required as a function of either equal protection or due process, the superior court was without jurisdiction to order a preliminary hearing.

Let a peremptory writ of mandate issue directing the superior court to vacate its order requiring a postaccusation preliminary hearing. The stay previously issued will remain in effect pending finality of this opinion.

Blease, J., and Carr, J., concurred.

On October 8, 1980, the opinion was modified to read as printed above.