[No. G006178. Fourth Dist., Div. Three. Apr. 21, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
JOE J. CHERRY et al., Defendants and Respondents.

**COUNSEL**

Cecil Hicks, District Attorney, Michael R. Capizzi, Chief Assistant District Attorney, Maurice L. Evans, Assistant District Attorney, Thomas M. Goethals, E. Thomas Dunn, Jr., and Eric W. Snethen, Deputy District Attorneys, for Plaintiff and Appellant.

Tuttle & Taylor, Mark A. Borenstein, Charles C. Lee, Elizabeth D. McMorran and Susan M. Walker for Defendants and Respondents.

OPINION

SCOVILLE, P. J.—The People appeal from a judgment dismissing an accusation of willful misconduct in office filed by the grand jury against defendants Joe J. Cherry, Ruth Call Evans and Robert James Elliott, all members of the Board of Trustees of the Orange Unified School District.

The accusation alleged misconduct occurring during defendants' prior terms of office, 1981-1985. Each of the defendants was reelected or reappointed in lieu of an election in November 1985; the accusation was filed in June 1987 during their present four-year terms of office.

Defendants' motion to dismiss was based on *Thurston v. Clark* (1895) 107 Cal. 285, 287-288 [40 P. 435], and its progeny, including *People* ex rel. *Bagshaw v. Thompson* (1942) 55 Cal.App.2d 147, 153-154 [130 P.2d 237] and *People v. Hale* (1965) 232 Cal.App.2d 112, 118 [42 Cal.Rptr. 533]. Under this line of cases it was settled that the statutes (former Pen. Code, § 758 et seq., and Gov. Code, § 3060) requiring a public officer's removal for misconduct in office should be interpreted to allow removal only during the term of office in which the misconduct occurred. Thus, in *People v. Hale* the court stated, "A preliminary question, which should be finally disposed of, is whether or not the scope of the accusation must be rigidly restricted to the present term of office [of the defendant] . . . . The answer is clear; under the law, the alleged offense deals only with the present term of office to which [defendant was elected] . . . ; it cannot be justified by any wrongful or improper act or omission of which he may have been guilty prior to the commencement of his current term. In *People v. Thompson,* 55 Cal.App.2d 147, at pages 153-154 . . . it is said: 'One term of an office is separate and distinct from other terms of the same office. A proceeding for the removal of an officer cannot be maintained after the accused has ceased to hold his office, nor for a violation of his duty while serving in another office or in another term of the same office.' " (232 Cal.App.2d at p. 118; see also *People v. Superior Court (Hanson)* (1980) 110 Cal.App.3d 396, 400-401 [168 Cal.Rptr. 21].)

The emphasis in these cases was on the language misconduct *in office.* Removal statutes, being criminal in nature, were construed strictly, and it was thought that the election process would weed out (or condone) officers alleged to have been guilty of misconduct in a prior term. (See Annot., Removal of Public Officers for Misconduct During Previous Term (1972) 42 A.L.R.3d 691, 696, § 2(a).)

Against this background, in 1971 the Legislature enacted Government Code section 3074 which provides "Any officer subject to removal pursuant

to this article may be removed from office for willful or corrupt misconduct in office occurring at any time within the six years immediately preceding the presentation of an accusation by the grand jury." The People rely on this addition to support the grand jury's accusation against defendants for misconduct which occurred in a prior term, but within the six-year limitation.

██ The trial court held that in enacting Government Code section 3074 the Legislature did not intend to change the rule established by *Thurston* and *Hale*. Benefitted as we are by persuasive legislative history which was not presented to the trial court, we disagree with its conclusion.

██ The fundamental rule of statutory interpretation is that the court should ascertain and follow the intent of the Legislature so as to " '. . . "effectuate the purpose of the law." ' " (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; see also *Russ Bldg. Partnership* v. *City and County of San Francisco* (1988) 44 Cal.3d 839, 847 [244 Cal.Rptr. 682, 750 P.2d 324].) "An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them." (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512].) Thus, where the language of a statute is clear and unambiguous courts should not attempt to construe it, but should follow its plain meaning. (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)

██ The language of Government Code section 3074 seems clearly to allow removal from office for willful misconduct at any time within six years immediately preceding the presentation of an accusation, and thus for misconduct in a prior term should it fall within the six-year period. However, language of the statute is rendered ambiguous by the use of the term "misconduct *in office*" (italics added) which has been interpreted for so many years to limit an accusation to misconduct within the officer's present term. Accordingly, we turn to extrinsic aids to ascertain the Legislature's intent.

In its opening brief the People asked us to take judicial notice of various documents as evidence of legislative intent. ██ Since the interpretation of Government Code section 3074 is a question of law, we may consider such matters even though they were not presented to the trial court. (*California Teachers Assn.* v. *San Diego Community College Dist., supra,* 28 Cal.3d 692, 699.)

The materials submitted by the People include, among other things, the Legislative Counsel's digest, an analysis of Senate Bill No. 745 by the Senate Judiciary Committee, an analysis of Senate Bill No. 745 by the Assembly Judiciary Committee, and a letter from the author of the bill, Senator Robert J. Lagomarsino, to then Governor Ronald Reagan respecting the bill.

Defendants object to the use of these materials on the ground the court may not rely on the understanding of individual legislators, even the legislator who actually authored the bill. (*California Teachers Assn.* v. *San Diego Community College Dist., supra,* 28 Cal.3d at p. 700-701; *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589-590 [128 Cal.Rptr. 427, 546 P.2d 1371]; but see, *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 218-219, 218, fn. 9 [185 Cal.Rptr. 270, 649 P.2d 912]; *F & P Growers Assn.* v. *Agricultural Labor Relations Bd.* (1985) 168 Cal.App.3d 667, 673 [214 Cal.Rptr. 355]; *Bosley Medical Group* v. *Abramson* (1984) 161 Cal.App.3d 284, 290 [207 Cal.Rptr. 477].)

While defendants' objection may have merit with respect to the letter from Senator Lagomarsino to the Governor, we do not believe that objection is properly made to analyses prepared by the Senate and Assembly judiciary committees and the Legislative Counsel. (See *In re Baby Girl M.* (1984) 37 Cal.3d 65, 71 [207 Cal.Rptr. 309, 688 P.2d 918]; *Freedom Newspapers, Inc.* v. *Superior Court* (1986) 186 Cal.App.3d 1102, 1108 [231 Cal.Rptr. 189].)

The Senate Judiciary Committee analysis of Senate Bill No. 745 contains the following comment: "Section 3074 of the Government Code, which is added by this bill, will have the effect of overruling the California Supreme Court decision in Thruston [*sic* ] v. Clark (1895), 107 Cal. 285, which held that an incumbent may only be removed under the provisions of existing law with respect to grand jury accusations for acts constituting willful or corrupt misconduct in office *committed during his current term of office.* This decision was followed in People v. Hale (1965) 232 Cal.App.2d 112." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 745 (1971-1972 Reg. Sess.) as amended May 17, 1971.) The Assembly Judiciary Committee analysis contains similar comment, as follows: "Currently, an officeholder may only be removed by grand jury accusations for acts constituting willful or corrupt misconduct in office committed during his current term of office. [¶] SB 745 would provide that any officer subject to removal may be removed from office for willful or corrupt misconduct in office occurring at any time within the six years immediately preceding the presentation of the accusation by the grand jury." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 745 (1971-1972 Reg. Sess.) as amended May 17, 1971.)

Senate Bill No. 745 amended Government Code section 1770 to provide that a vacancy occurs when a trial court judgment is entered convicting a public officer of a felony or an offense involving a violation of his or her official duties. Government Code section 3074 was added to obviate the anomalous situation which might occur when a public officer is charged in one term then reelected before conviction, but after conviction could not be removed from office under *Thurston*.

We hold the Legislature's intention to change the law as stated in *Thurston* and its progeny is clear. The order dismissing the accusation is reversed.

Crosby, J., and Wallin, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 20, 1989.