TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-301 |
| of | : | |
| | : | February 7, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY D. DA VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE RICHARD K. RAINEY, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following questions:

1. May a county counsel give legal advice to a board of retirement established under the County Employees Retirement Law of 1937 with respect to a matter in which the county could benefit from an action taken pursuant to such advice?

2. May a member of a board of retirement established under the County Employees Retirement Law of 1937 be removed from office for breach of fiduciary duty or other malfeasance?

CONCLUSIONS

1. A county counsel may give legal advice to a board of retirement established under the County Employees Retirement Law of 1937 with respect to a matter in which the county could benefit from an action taken pursuant to such advice, provided that in the event of a potential or actual conflict of interest between the board and the county, each shall have provided its informed written consent.

2. A member of a board of retirement established under the County Employees Retirement Law of 1937 may be removed from office for the willful breach of fiduciary duty or other malfeasance.

ANALYSIS

Under the County Employees Retirement Law of 1937 (Gov. Code, §§ 31450-31898; "Act") **Footnote No. 1** counties are authorized to establish retirement systems for their employees. (§ 31500; 79 Ops.Cal.Atty.Gen. 95 (1996); 70 Ops.Cal.Atty.Gen. 1 (1987).) **Footnote No. 2** The administration of such a retirement system is vested in a board of retirement. (Cal. Const., art. XVI, § 17; §§ 31520, 31595; "Board.") In certain cases, the responsibility for investments may be delegated by a Board to a separate board of investment. (§ 31520.2.) A Board has a fiduciary duty to manage the employees retirement fund which is a trust fund established under the Act for the exclusive benefit of active and retired employees and their survivors and beneficiaries. (§§ 31588, 31595.) In addition to employer and employee contributions, the fund

contains earnings on investments. (§§ 31591-31592.4.)

A retirement system established under the Act is an entity separate from the county and independently administered by a Board. (See *Traub* v. *Board of Retirement* (1983) 34 Cal.3d 793, 798-799; *Summerford* v. *Board of Retirement* (1977) 72 Cal.App.3d 128, 132.) A county counsel is duly authorized and designated to provide legal advice to a county (§§ 26529, 27642) and to a Board (§ 31529).

1. Legal Advice by County Counsel

The first inquiry is whether a county counsel may provide legal advice to a Board concerning a matter in which the county could benefit from such advice. We conclude that both the county and the Board must give informed written consent with respect to any matter constituting a potential or actual conflict of interest between them.

In order to protect the public and to promote respect for and confidence in the legal profession, the Board of Governors of the State Bar of California, with the approval of the Supreme Court, has formulated rules of professional conduct. (Bus. & Prof. Code, § 6076; Rules Prof. Conduct, Rule 1-100.) The rules are binding upon all members of the State Bar, including attorneys representing public agencies and officials. (§ 6077; see *Dix* v. *Superior Court*(1991) 52 Cal.3d 442, 452; *Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752, 756.) **Footnote No. 3**

Rule 3-310, subdivision (C), of the Rules of Professional Conduct ("Rule 3-310") provides in part as follows:

"A member shall not, without the informed written consent of each client:

"(1)  Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

"(2)  Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; . . ."

As explained by the Supreme Court in *Santa Clara County Counsel Attys. Assn.* v. *Woodside* (1994) 7 Cal.4th 525, 548, with respect to an attorney's duty of loyalty to his clients:

"This court's statement of an attorney's duty of loyalty to the client over 60 years ago is still generally valid: `It is . . . an attorney's duty to protect his client in every possible way, and it is a violation of that duty for him to assume a position adverse or antagonistic to his client without the latter's free and intelligent consent. . . . By virtue of this rule an attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interests.' (*Anderson* v. *Eaton* (1930) 211 Cal. 113, 116.)"

Assuming, therefore, that a county counsel advises a Board with respect to a matter in which the county's interest is potentially or actually in conflict with that of the Board, the informed written consent of each client would be required under Rule 3-310. **Footnote No. 4** Of course, it may be that the county could benefit from the advice given to the Board without a potential or actual conflict of interest being present. (See *McClain* v. *County of Alameda* (1962) 209 Cal.App.2d 73, 79-80; cf. 61 Ops.Cal.Atty.Gen. 18, 19-20 (1978).) In the latter case, the consent of the parties to the dual representation would not be necessary.

Finally, we note that the Act authorizes a Board to obtain legal advice from a private attorney rather than from the county counsel when a potential or actual conflict of interest is present. While section 31529 provides that "[t]he district attorney, or the county counsel if there is one, is the attorney for the board." section 31529.5 states:

"Notwithstanding Section 31529, the board may contract for the legal services of an attorney in private practice when the board determines, after consultation with the county counsel, that the county counsel cannot provide the board with legal services due to a conflict of interest or other compelling reason. . . .

"This section shall not be operative in any county until such time as the board of supervisors shall, by resolution adopted by majority vote, make the provisions of this section applicable in such county." **Footnote No. 5**

Section 31607 additionally provides: "To assist in carrying out its investment powers and duties the board may employ an attorney in private practice." Accordingly, the Legislature has provided a remedy in cases of a perceived conflict which, if exercised by the Board, would effectively preclude representation by the county counsel as to the designated matter.

It is concluded that a county counsel may give legal advice to a Board established under the Act with respect to a matter in which the county could benefit from an action taken pursuant to such advice, provided that in the event of a potential or actual conflict of interest between the Board and the county, **Footnote No. 6** each shall have provided its informed written consent.

2.   Removal From Office

The second inquiry is whether a member of a Board may be removed from office for breach of fiduciary duty or other malfeasance. We conclude that a willful breach of fiduciary duty or other malfeasance would subject the Board member to removal from office.

A Board consists of five members: the county treasurer, two persons who are active members of and elected by the employees' association, and two persons who are chosen by the board of supervisors. (§ 31520.)

California Constitution, article VII, section 8, subdivision (b), provides: "Laws shall be made to exclude persons convicted of bribery, perjury, forgery, malfeasance in office, or other high crimes from office . . . ." Although this constitutional provision is mandatory, it is not self-executing and requires legislation to give it effect. (*Lubin v. Wilson*(1991) 232 Cal.App.3d 1422, 1426.) Where cause for removal is provided by law, a person holds office subject to the conditions thereby imposed, and is deemed to have accepted the office on condition of removal for such cause and in the manner provided. ( *Id* ., at pp. 1429-1430.)

Section 3000 states: "An officer forfeits his office upon conviction of designated crimes as specified in the Constitution and laws of this State." (See also § 1021 [disqualification from holding office].) As quoted above, among the designated crimes specified in the Constitution is "malfeasance in office." (See *Lubin* v. *Wilson*, *supra*, 232 Cal.App.3d at 1426; 75 Ops.Cal.Atty.Gen. 64, 65 (1992).)

Section 1222 provides: "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor." (See *Adler* v. *City Council* (1960) 184 Cal.App.2d 763, 774-775; 76 Ops.Cal.Atty.Gen. 289, 292-293 (1993).)

Section 1770 provides in part as follows:

"An office becomes vacant upon the happening of any of the following events before the expiration of the term:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(h)   His or her conviction of a felony or of any offense involving a violation of his or her official duties . . . ."

Under subdivision (h) of section 1770, " *either of two* types of conviction trigger vacancy, specifically felony convictions and convictions for offenses involving a violation of official duties." (*Lubin* v. *Wilson*, *supra*, 234 Cal.App.3d at 1427; see 75 Ops.Cal.Atty.Gen., *supra*, at 66-67.) **Footnote No. 7**

The filing of an accusation by a grand jury is the normal method for removing a local public official for malfeasance. (See *People* v. *Tice* (1956) 144 Cal.App.2d 750, 754; 76 Ops.Cal.Atty.Gen., *supra* , at 291.) **Footnote No. 8** Section 3060 provides:

"An accusation in writing against any officer of a district, county, or city, including any member of the governing board or personnel commission of a school district or any humane officer, for willful or corrupt misconduct in office, may be presented by the grand jury of the county for or in which the officer accused is elected or appointed. An accusation may not be presented without the concurrence of at least 12 grand jurors."

"[T]he `misconduct in office' condemned in section 3060 is broad enough to include `any willful malfeasance, misfeasance, or nonfeasance in office' whether or not attended by `criminal intention' [citation] . . . ." (*People* v. *Hayes* (1982) 129 Cal.App.3d 930, 938.) If the defendant denies the matters charged, he is entitled to a trial by jury. (§§ 3069, 3070.) Section 3072 states:

"Upon a conviction and at the time appointed by the court it shall pronounce judgment that the defendant be removed from office. To warrant a removal the judgment shall be entered upon the minutes, and the causes of removal shall be assigned therein."

A violation of section 3060 is thus not a crime, but rather has as its consequence "`the removal of the incumbent from office and the judgment can go to no further extent.' [Citations.]" (*People* v. *Hayes*, *supra*, 129 Cal.App.3d at 939.) Section 3074 provides for a six-year statute of limitations:

"Any officer subject to removal pursuant to this article may be removed from office for willful or corrupt misconduct in office occurring at any time within the six years immediately preceding the presentation of an accusation by the grand jury."

Hence, the period of limitations for misconduct in office is six years, whether the misconduct has occurred in the current term or during a previous one. (*People* v. *Cherry* (1989) 209 Cal.App.3d 1131, 1133-1136; see also *People* v. *Hayes*, *supra*, 129 Cal.App.3d at 9.)

It is concluded that a member of a Board established under the Act may be removed from office for the willful breach of fiduciary duty or other malfeasance.

\* \* \* \* \*

---

Footnote No. 1 Undesignated section references herein are to the Government Code.
Footnote No. 2 Counties have the option of adopting the financial provisions of article 5 (§§ 31580-31607) or an alternative set of financial provisions set forth in article 5.5 (§§ 31610-31619) of the Act. (See 70 Ops.Cal.Atty.Gen., *supra* , at 5-8.) For purposes of convenience, we will refer only to the article 5 provisions.
Footnote No. 3 Every person admitted and licensed to practice law in California is a member of the State Bar. (Cal. Const., art. VI, § 9; Bus. & Prof. Code, § 6002; 73 Ops.Cal.Atty.Gen. 172, 174 (1990).)
Footnote No. 4 "A client may expressly or impliedly consent to and waive complaints about adverse representation. [Citations.]" (*In re Lee G.* (1991) 1 Cal.App.4th 17, 34.)

**Footnote No. 5** Section 31529.5 pertains to a county acting under article 5 of the Act. An identical section 31614 pertains to a county acting under article 5.5 of the Act. Special provisions authorizing contracting with private attorneys apply to Los Angeles County. (§§ 31529.1, 31529.6.)

**Footnote No. 6** We have no occasion here to make a determination as to the existence of any such conflict in the absence of specified facts.

**Footnote No. 7** The filing of an action in the nature of quo warranto (Code Civ. Proc., §§ 803-811) would be available to remove a person from office where the person refuses to leave after having forfeited the office (§ 3000) or having caused the office to become vacant (§ 1770). (See *Visnich* v. *Sacramento County Bd. of Education* (1974) 37 Cal.App.3d 684, 690; *Hallinan* v. *Mellon* (1963) 218 Cal.App.2nd 342, 347-348; *Klose* v. *Superior Court* (1950) 96 Cal.App.2nd 913, 917-919; 76 Ops.Cal.Atty.Gen. 157, 165-166 (1993).)

**Footnote No. 8** Pursuant to section 3020, "[s]tate officers elected on a statewide basis, members of the State Board of Equalization, and judges of state courts are subject to impeachment for misconduct in office." (See 74 Ops.Cal.Atty.Gen. 111, 112-114 (1991).)